517 P.2d 1286

Peter Lonsdale WILLIAMS, Petitioner,

v.

SUPERIOR COURT of the State of Arizona
IN AND FOR the COUNTY OF PIMA, and
Ben C. Birdsall, Judge of the Superior
Court, Respondent;
and
The STATE of Arizona, Real Party
in Interest.

No. 2 CA–CIV 1564.

Court of Appeals of Arizona,
Division 2.

Jan. 14, 1974.

Rehearing Denied Feb. 27, 1974.

Bruce E. Aarestad, Tucson, for petitioner.

Dennis DeConcini, Pima County Atty., by Harold L. Higgins, Jr., Deputy County Atty., Tucson, for respondent and real party in interest.

OPINION

HOWARD, Judge.

Petitioner, defendant in a pending criminal prosecution for burglary, seeks relief in this court from an order of the respondent court denying his motion to dismiss the information. Although we do not agree with the lower court's belief that petitioner's motion was untimely, we are of the opinion that the motion was properly denied.

Briefly, the facts alleged in petitioner's motion to dismiss are as follows. He was arrested on October 3, 1973 for violation of A.R.S. § 13–302, as amended. He remained in custody until October 9, 1973 when the state moved to dismiss the complaint because of the absence of material witnesses. Pursuant to the state's motion, the justice of the peace ordered that the complaint be dismissed and the petitioner

released from the Pima County Jail. Subsequently, on November 14, 1973, another complaint was filed based upon the same events and transactions as in the former complaint. On November 15th, petitioner was served with a summons to appear on November 20th and was subsequently arrested on November 20th. A preliminary hearing was held on November 26th and petitioner was bound over to superior court. On November 28th, an information was filed in superior court, petitioner entered a plea of not guilty on December 4th, and the omnibus hearing was scheduled for January 2, 1974.

On December 13, 1973, the subject motion to dismiss was filed and subsequently denied. The basis for petitioner's motion was Rule 16.7, Rules of Criminal Procedure, 17 A.R.S., which states:

"a. On Prosecutor's Motion. The court, on motion of the prosecutor showing good cause therefor, may order that a prosecution be dismissed at any time upon finding that the purpose of the dismissal is not to avoid the provisions of Rule 8.

b. On Defendant's Motion. The court, on motion of the defendant, shall order that a prosecution be dismissed upon finding that the indictment, information, or complaint is insufficient as a matter of law.

c. Record. The court shall state, on the record, its reasons for ordering dismissal of any prosecution.

d. Effect of Dismissal. Dismissal of a prosecution shall be with prejudice to commencement of another prosecution arising out of the same events or transactions, unless, when the dismissal is based on a ground other than a violation of Rule 8, the court in its order finds that the interests of justice require that the dismissal be without prejudice."

\*　\*　\*　\*　\*　\*

Petitioner contends that since the order of the justice of the peace dismissing the complaint failed to state that it was without prejudice, the effect of such dismissal was to preclude commencement of another prosecution arising out of the same event. The respondent court, in denying the motion to dismiss, stated:

\*　\*　\*　\*　\*　\*

"The Court believes that the motion is not timely. The second preliminary hearing was conducted by the same Court that dismissed the case, and the motion should have been raised at that time."

\*　\*　\*　\*　\*　\*

■ We do not agree that the motion was untimely since Rule 16.1(a), Rules of Criminal Procedure, specifically provides that the procedures, set forth therein were operative "between arraignment and trial". Since petitioner is charged with a felony, his motion was required to be presented in superior court. Rule 16.1(b), sets forth the time limitation for motions:

"All motions specified in the omnibus hearing form shall be made at or before an omnibus hearing. Any other motion, defense, objection or request which is capable of determinination without the trial of the general issue shall, whenever possible, be made at or before an omnibus hearing, but, in any event, no later than 20 days prior to the date set for trial. Lack of jurisdiction may be raised at any time."

■ Since petitioner's motion to dismiss was filed prior to the date set for the omnibus hearing, it clearly was timely and the "waiver" provision of Rule 16.1(c), Rules of Criminal Procedure, did not come into play.

■ We do agree, however, that the motion to dismiss was properly denied. Rule 16.7, supra, provides for "dismissal of a prosecution" being with prejudice unless the order of dismissal states otherwise. A felony proceeding in Arizona is prosecuted only by indictment or information. Arizona Constitution, Art. 2, § 30, A.R.S. As noted above, the scope of Rule 16, Rules of Criminal Procedure, applies to the period of time between arraignment and trial. We hold, therefore, that as to a felony prosecution, Rule 16.7(d), Rules of Crim-

inal Procedure, refers only to an order of dismissal after indictment or after a defendant has been held to answer.

It is true that Rule 16.7 applies to criminal proceedings in non-record courts. See Rule 16.1(a). Its application, however, is limited to prosecution for criminal offenses triable in such courts.

Although petitioner had not waived his right to seek dismissal of the prosecution, dismissal of the first complaint without designating that it was without prejudice did not preclude the commencement of another prosecution. The order denying petitioner's motion to dismiss is affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.