525 P.2d 296

Michael Ray **STONE** and John R. Macey,
Petitioners,

v.

The Honorable Laurence T. **WREN**, Judge
of the Superior Court, Respondent,
John P. **TAYLOR**, County Attorney for the
County of Navajo, State of Arizona,
Real Party in Interest.

No. I CA–CIV 2783.

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 22, 1974.

Rehearing Denied Sept. 17, 1974.

Review Denied Oct. 15, 1974.

Shultz & Worischeck, P. A. by Charles
C. Diettrich, Phoenix, for petitioners.

John F. Taylor, Navajo County Atty.,
Holbrook, for real party in interest.

OPINION

STEVENS, Judge.

■ This is a special action to review
the order of the trial court denying peti-
tioners' motion to dismiss the indictment.
The motion was based upon the denial of
the right to a speedy trial. Appellate re-
view and intervention is appropriate in
these circumstances to provide petitioners
with an effective and speedy remedy.
Boccelli v. State, 109 Ariz. 287, 508 P.2d
1149 (1973); Williams v. Superior Court,
21 Ariz.App. 239, 517 P.2d 1286 (1974).
This Court issued an order on 18 June
1974, granting a temporary stay of any
further proceedings relating to the peti-
tioners in this matter in the Superior
Court of Navajo County. The order was
continued in effect subsequent to the hear-
ing on this petition on 28 June 1974, pend-
ing final disposition by this Court.

Michael Ray Stone and John R. Macey
(petitioners) were indicted for the posses-
sion of marijuana for sale and arrested on
2 November 1973. Stone was arraigned on
7 November 1973 and Macey was ar-
raigned on 13 November 1973. The State
filed its motion to set for trial on 1 May
1974. This motion was opposed and coun-
tered by the motion to dismiss with preju-
dice for the denial of the right to a speedy
trial. This motion was denied on 30 May
1974 and petitioners initiated this special
action to test the validity of that ruling.

The time limits defining the right to a speedy trial are set out in Rule 8.2, Rules of Criminal Procedure, 17 ARS. The applicable subsection provides:

"c. Defendants Released from Custody. Every person released under Rule 7 shall be tried by the court having jurisdiction of the offense within 120 days from the date of his initial appearance before a magistrate on the complaint, indictment or information, or within 90 days from the date of his arraignment before the trial court, whichever is the lesser."

Rule 8.4 provides for certain periods to be excluded from the computation of the above time periods as follows:

"a. Delays occasioned by or on behalf of the defendant, including, but not limited to, delays caused by an examination and hearing to determine competency, the defendant's absence or incompetence, or his inability to be arrested or taken into custody in Arizona.

\* \* \* \* \* \*

c. Delays necessitated by congestion of the trial calender [sic], but only when the congestion is attributable to extraordinary circumstances, in which case the presiding judge shall promptly notify the Chief Justice of the Arizona Supreme Court of the circumstances.

d. Delays resulting from continuances in accordance with Rule 8.5, but only for the time periods prescribed therein."

The chronological sequence of events is necessary to determine the case. Stone was arraigned on 7 November 1973 and Macey on 13 November 1973. On 3 December 1973 petitioners filed a request for a change of judge and the prehearing conference was held. On 14 December 1973 the omnibus hearing was set for 10 January 1974. On 31 December the petitioners made a motion for a continuance and the omnibus hearing was set on 7 February by stipulation. On 7 and 8 February 1974 the omnibus hearing was held and various motions were made and argued. On 27 March the various defense motions were denied. On 1 May the State filed a motion to set for trial and petitioners filed a motion in opposition and a motion to dismiss.

Rule 8.2(c), Rules of Criminal Procedure, requires that a person be tried within 90 days from the date of his arraignment before the trial court. Petitioner Stone's trial should have been held by 5 February 1974 and Petitioner Macey's trial should have been held by 11 February 1974.

■ As stated above, the rules provide that certain delays are excluded from the computation of these time periods. The petitioners made a motion for the continuance of the omnibus hearing that was to be held on 10 January 1974 and as a consequence the hearing was not held until 7, 8 February 1974. This delay is attributable to the petitioners under Rule 8.4(d) and would extend the possible trial dates to 5 March for petitioner Stone and 11 March for petitioner Macey.

■ The State contends that all the delays in proceeding to trial were occasioned by motions interposed by the petitioners. The petitioners made certain motions before the omnibus hearing such as a motion to suppress, motion for dismissal of prosecution and acceleration of hearings thereon and these motions were duly heard and argued at the omnibus hearing. The trial court did not rule on these motions until 27 March. The State suggests that the time between the omnibus hearing and the ruling of the trial court should be excluded from the computation of time because the petitioners made the motions at the omnibus hearing and the trial court's decision was delayed due to congestion of the trial calendar. We disagree. The motions that were argued at the omnibus hearing were proper pretrial motions that have to be made at or before the omnibus hearing or else are waived. Rule 8.4(a) provides that "[d]elays occasioned by or on behalf of the defendant" are to be excluded from the computation of these time limitations but Rule 8.4(a) envisions motions that result in the delay of the actual trial date. See gen. Comments to Rule 8.4(a); Bowman v. State, 103 Ariz. 482, 445 P.2d 841 (1968).

The excuse that the delay is due to the congestions of the trial court calendar is not persuasive because Rule 8.4(c) provides for such situations and the procedures delineated in that rule were not followed.

We hold that the petitioners were denied their right to a speedy trial and that their motion to dismiss with prejudice should have been granted. The petitioners' request for special action relief is granted.

HAIRE, P. J., and EUBANK, J., concur.