526 P.2d 412

**Frank John SCHULTZ and Christopher Wayne Aronson, Petitioners,**

v.

**The Honorable Howard F. PETERSON, and STATE of Arizona, Real Party in Interest, Respondents.**

**No. I CA–CIV 2867.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 19, 1974.

Rehearing Denied Oct. 9, 1974.

Review Granted Nov. 26, 1974.

Debus Busby & Green, Ltd. by Jordan L. Green, Phoenix, for petitioners.

Moise Berger, Maricopa County Atty. by Dennis W. Dairman, Deputy County Atty., Phoenix, for State of Arizona.

## OPINION

OGG, Acting Presiding Judge.

A petition for special action was filed in this court by the petitioners, Frank John Schultz and Wayne Aronson, requesting this court to set aside the trial court's order which denied their motion to dismiss the indictments against them. The motion was based upon the denial of the petitioners' rights to a speedy trial. Review by special action is appropriate in such a case. Boccelli v. State, 109 Ariz. 287, 508 P.2d 1149 (1973); Stone v. Wren, 22 Ariz. App. 165, 525 P.2d 296 (filed August 22, 1974); Williams v. Superior Court, 21 Ariz.App. 239, 517 P.2d 1286 (1974).

Petitioners were charged by indictment with receiving stolen property and were released on their own recognizance. On July 25, 1974 the State filed a motion to continue under the provisions of Rule 8.5, Rules of Criminal Procedure, 17 A.R.S., alleging that the prosecuting attorney had a schedule conflict. A hearing was held on the motion on August 6, 1974, at which time the prosecutor advised the court that he did not have a calendar conflict but that he did want a continuance for the reason that his wife had just given birth. At the conclusion of the hearing the court granted the State's motion for a continuance and set the trial for August 29, 1974. Petitioners objected to the continuance as a violation of the Criminal Rules of Procedure.

Since the petitioners were not in custody, Rule 8.2(c), Rules of Criminal Procedure, 17 A.R.S., established the time limits for a speedy trial. Rule 8.2(c) reads:

"c. Defendants Released from Custody. Every person released under Rule 7 shall be tried by the court having jurisdiction of the offense within 120 days from the date of his initial appearance before a

magistrate on the complaint, indictment or information, or within 90 days from the date of his arraignment before the trial court, whichever is the lesser."

To comply with this 90 day time limitation the petitioners, after their arraignments on May 24, should have been brought to trial on or before August 22. On August 23, 1974 petitioners filed a motion to dismiss the indictments for lack of speedy trial. The motion was denied and this special action followed.

The State concedes that petitioners were not tried within the 90 day time limitation of Rule 8.2(c). The State contends that the 23 days which elapsed from the date of continuance until the August 29 trial date should be excluded from the time limitations under the provision of Rule 8.-4(d), Rules of Criminal Procedure, 17 A. R.S. This rule excludes such time periods when the delay is caused by a proper continuance granted under Rule 8.5, Rules of Criminal Procedure, 17 A.R.S., which states:

"Rule 8.5 Continuances

a. Form of Motion. A continuance may be granted only upon written motion, stating with specificity the reasons justifying it, and a certificate of the signer that it is made in good faith. A second continuance may be granted upon a second motion and certificate. Any additional continuance in the case may be granted only by the presiding judge.

b. Grounds for Motion. A continuance shall be granted only upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice. A continuance may be granted only for so long as is necessary to the interests of justice, and in no case for longer than 30 days.

c. Copies of Order. Upon granting a motion by either party for a continuance the court shall direct a minute entry specifically enumerating its reasons. The clerk shall send a copy to each of the parties, to the presiding judge, and to the Chief Justice of the Arizona Supreme Court. An order denying the motion may be entered summarily."

The decision in this case hinges on whether the continuance as granted complies with the provisions of Rule 8.5. The pertinent part of the minute entry order of the trial court granting the continuance reads:

"IT IS ORDERED granting state's motion to continue and accordingly the trial of this cause is continued from August 6, 1974, to 9:00 A.M., August 29, 1974, to a jury, upon the ground that the interest of justice requires same."

From the facts presented to us we cannot say there was a proper showing that extraordinary circumstances existed and that the length of delay as ordered was indispensible to the interests of justice. There was no attempt made by the trial court to comply with Rule 8.5(c) by specifically enumerating the reasons for the continuance.

 We are aware that the time limitations of Rule 8, speedy trial, of the new Rules of Criminal Procedure, inflict a heavy burden on the crowded court dockets of this state and greatly limit the trial court's discretion in granting criminal trial continuances. The main thrust of the new rules was to expedite the trial of criminal cases and the clear intent was to force both the state and the criminal defendants to proceed to trial without the long delays that were possible under our old rules of criminal procedure. The comments to Rule 8.4(c) give us insight into the spirit of Rule 8 when it states that ordinary court congestion is not sufficient reason to grant a continuance and that the "extraordinary circumstances" standard is intended to cover mass arrest situations and other unusual occurrences.

 We do not believe that the recent birth of a baby to the wife of the prosecutor is such an "extraordinary circumstance" that would make a 23 day trial continuance necessary to the interests of justice. A strict interpretation of the

speedy trial provisions of Rule 8 may bring about harsh results in individual cases, but to allow liberal criminal trial continuances would defeat the salutary effect the new rules have had in speeding up the trial of criminal cases. · See Stone v. Superior Court, supra.

The prosecutor for the State further alleges that he was misled by the attorney for the petitioners into believing there would be no opposition to such a continuance. Defendants' attorney does not recall such a stipulation. This is immaterial since Rule 8.2(e) specifically states that the time limitations may not be extended by stipulation or waiver.

■ The final problem presented in this case involves the proper interpretation of Rule 8.6(b):

"If the court determines after considering the exclusions of Rule 8.4, that a time limit established by Rules . . . 8.2(c) . . . has been violated, it may on motion of the defendant, or on its own initiative, dismiss the prosecution with prejudice."

The term "may," as used in this rule, is confusing; it leads one to believe that the trial court has absolute discretion as to whether a case should be dismissed with prejudice if the time limitations of Rule 8 are violated. If dismissal with prejudice is not mandatory, then the sanctions of Rule 8 are meaningless and we are back where we were under the old rules in allowing criminal cases to be continued with wide discretion. Although the comments to Rule 8.6 are somewhat confusing, an attempt is made to clarify how the sanctions of Rule 8.6 shall be interpreted when it states:

"Comment

Rule 8.6 makes the sanction for violation of speedy trial time limits the dismissal of the case with prejudice. Felonies can be refiled with the permission of the court. See McConnell v. Newman, 87 Ariz. 381, 351 P.2d 657 (1960).

Rule 8.6 will work as follows. If a defendant in custody is not brought to trial within 90 days, he is to be released; if he is not brought to trial within 30 days thereafter, the case is to be dismissed altogether. The judge is required to make a factual determination as to the applicability of any of the Rule 8.4 exclusions before dismissing the case."

Rule 16.7(d), Rules of Criminal Procedure, 17 A.R.S., clearly sets out the effect of a dismissal for violation of the time limitations of Rule 8 as follows:

"d. Effect of Dismissal. Dismissal of a prosecution shall be with prejudice to commencement of another prosecution arising out of the same events or transactions, unless, when the dismissal is based on a ground other than a violation of Rule 8, the court in its order finds that the interests of justice require that the dismissal be without prejudice."

Except for the "may" provision of 8.-6(b), all other time limit provisions use the word "shall." In Rule 8.2 the words ". . . *shall* be tried by the court . . . within . . . days . . ." are found. Rule 8.3(b)(3) provides that "within . . . days . . . the prisoner *shall* be brought to trial . . ." Rule 8.5 states that continuances "shall be granted *only* upon a showing that extraordinary circumstances exist and that delay is indispensable to the interest of justice." The intent to delineate a fixed deadline is emphatically shown by Rule 16.7(d) which allows a dismissal without prejudice in all cases except when there is a violation of speedy trial under Rule 8.

To construe Rule 8.6(b) as allowing discretion in the dismissal of a prosecution where there has been a speedy trial violation, especially where there is no discernable standard to guide the trial court in the exercise of such discretion, would be to ignore the remainder of the rules discussed, together with Rule 1.2:

"Rule 1.2. Purpose and construction

These rules are intended to provide for the just, speedy determination of every criminal proceeding. They shall be construed to secure simplicity in proce-

dure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the individual while preserving the public welfare."

In our opinion, when all the provisions of the new Arizona Rules of Criminal Procedure are considered, together with the Comments thereto, a dismissal with prejudice must be made in this case.

The petitioners were not tried within the time limitations of Rule 8.2(c) and there were no valid time exclusions under the provisions of Rule 8.4. We therefore hold that the petitioners were denied their right to a speedy trial and that their motion to dismiss with prejudice should have been granted. The petitioners' request for special action relief is granted.

FROEB and STEVENS, JJ., concur.