531 P.2d 1128

**Frank John SCHULTZ and Christopher Wayne Aronson, Petitioners,**

v.

**The Honorable Howard F. PETERSON and STATE of Arizona, Real Party In Interest, Respondents.**

No. 11796–PR.

Supreme Court of Arizona, En Banc.

Feb. 19, 1975.

———◆———

Debus, Busby & Green, Ltd. by Jordan L. Green, Phoenix, for petitioners.

Moise Berger, Maricopa County Atty., by Dennis W. Dairman, Deputy County Atty., Phoenix, for State of Arizona.

HAYS, Justice.

The defendants, Frank John Schultz and Christopher Wayne Aronson, were charged with receiving stolen property and released on their own recognizance. On July 25, 1974, the State filed a motion to continue under the provisions of Rule 8.5, 1973 Rules of Criminal Procedure, 17 A.R.S., alleging that the prosecuting attorney had a schedule conflict. A hearing was held on August 6, 1974, at which time the prosecutor advised the court that he did not have a calendar conflict but that he did want a continuance for the reason that his wife had just given birth. Certain other points were raised by the State contending that defendants' counsel had agreed to a continuance, that the omnibus hearing had not been held, and that defendants had moved for a change of judge and the motion was not acted upon. The court granted the continuance.

Thereafter, on August 23, 1974, defendants filed a motion to dismiss the indictment for failure to comply with the speedy trial requirements. The motion was denied and the matter was taken to the Court of Appeals by petition for special action. The Court of Appeals accepted jurisdiction and issued an opinion, 22 Ariz.App. 205, 526 P.2d 412 (1974). We granted the petition for review and the Court of Appeals opinion is hereby vacated.

The State makes much of the fact that one defense attorney went back on his

word to not resist the continuance asked for by the State. This issue is immaterial here because under the 1973 Rules of Criminal Procedure the time requirements of Rule 8 may not be extended by stipulation of counsel.

 The court here did not comply with Rule 8.5(c) by specifically enumerating the reasons for the continuance. When ruling on the defendants' motion to dismiss, assuming a violation of the time limits, the court had the option of dismissing without prejudice or dismissing with prejudice. State ex rel. Berger v. Superior Court, 111 Ariz. 422, 531 P.2d 1129 (1974).

The case is remanded to the Superior Court for dismissal and a determination as to whether the dismissal of the prosecution is to be with or without prejudice.

CAMERON, C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

HOLOHAN, Justice (dissenting):

I dissent.