655 P.2d 371

**STATE of Arizona, Appellant,**

v.

**James Robert BURRUS, Appellee.**

**No. 1 CA–CR 5401.**

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 7, 1982.

Rehearing Denied Nov. 24, 1982.

Review Denied Dec. 14, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for appellee.

OPINION

GRANT, Judge.

This is an appeal by the State of Arizona from the trial court's May 22, 1981 order dismissing the indictment, with prejudice, for failure of the state to bring the defendant to trial within the time limits of Arizona's speedy trial rules.

The record reflects that the defendant Burrus was charged by indictment filed May 15, 1979, with one count of fraudulent scheme and five counts of forgery. He remained a fugitive from justice until arrested in Idaho and was released to the custody of Arizona authorities on February 11, 1981 pursuant to the Agreement on Detainers Act. A.R.S. §§ 31–481, 31–482.

On February 20, 1981, the defendant was arraigned and trial was set for April 8, 1981. Pretrial motions were ordered to be filed no later than March 19, 1981 and the last day for trial was computed to be May 21, 1981. This date, computed pursuant to rule 8.2(b), Ariz.R.Crim.P., 17 A.R.S., was ninety days after defendant's February 20, 1981 arraignment. Although not realized by the court nor counsel, the last day for trial should have been computed as May 12, 1981, which pursuant to rule 8.3 was ninety days after defendant was taken into custody by Arizona on February 11, 1981. Rule 8.3(a) reads in pertinent part, "Within 90 days after the defendant has been delivered into the temporary custody of the appropriate authority of this state, he shall be brought to trial." The comment to this rule states that violation of this time limit is grounds for dismissal of the charges with prejudice under rule 8.6.

As noted above, the original last day for trial was erroneously computed to be May 21. This date was never changed. There were no continuances of the trial beyond this date. It was on May 21, the day set for trial, that counsel for the defendant asserts that he first discovered the error in computing the last day. He immediately filed a motion to dismiss and a motion to vacate his motion to suppress. The motion was based on the violation of rule 8.3(a), Ariz.R. Crim.P. After a hearing, the trial judge granted the motion and dismissed the charges with prejudice. The trial court specifically found that there was no excluded time chargeable to the defendant.

The state claims, however, that the trial court failed to exclude a thirty-two (32) day delay caused by the defendant's requested extension of time to file pretrial motions and that the trial court abused its discretion in dismissing the indictment with prejudice.

The record reflects that the following motions were filed and orders entered:

February 20, 1981—trial originally set for April 8, 1981;

March 20, 1981—on defendant's motion, the time for filing pre-trial motions was extended to April 20, 1981;

March 24, 1981—defendant filed motion to suppress;

March 26, 1981—defendant filed motion in limine and the trial court ordered that pre-trial motions be set for hearing on April 10, 1981;

April 7, 1981—on the court's own motion, the trial was continued to May 11, 1981;

April 10, 1981—on the state's motion, the hearing on defendant's pre-trial motions was continued to April 24, 1981;

April 16, 1981—defendant filed motion to remand for new finding of probable cause;

April 21, 1981—hearing on motion to remand set for April 24, 1981;

April 24, 1981—parties stipulate to extend hearing on motions to May 22, 1981;

May 11, 1981—on the court's motion, the trial was continued from May 11, 1981 to May 21, 1981.

In its opening brief, the state argues that the 32 day extension of time for filing pretrial motions from March 19, 1981 to April 20, 1981 was a delay occasioned on behalf of the defendant which should have been excluded pursuant to rule 8.4(a).[1] In support of this argument, the state relies primarily upon *Stone v. Wren,* 22 Ariz.App. 165, 525 P.2d 296 (1974), where this court held that delay resulting from the defendant's motion for a continuance of an omnibus hearing was attributable to the defendant and should have been excluded under rule 8.4(d), thus extending the last day for trial.

The defendant distinguishes *Stone v. Wren* on the grounds that in that case, the continuance of the omnibus hearing resulted in the delay of the actual last day for trial while in the case at bar, the defendant's extension of time in which to file pretrial motions did not lead to an extended trial date beyond the originally computed "last day."

We find no merit to defendant's argument. Nowhere in rule 8.4 is it stated that the delay, in order to be excluded, must lead to an extended trial date beyond the originally computed last day, although this is often the result. As the court in *Stone v. Wren* stated, "[r]ule 8.4(a) envisions motions that result in the delay of the actual trial date." 22 Ariz.App. at 166, 525 P.2d at 297. This was precisely the result in the case at bar. At defendant's request, the trial court extended the time limit for filing motions from March 19, 1981, to April 20, 1981. Since the trial date was originally

1. Rule 8.4 Ariz.R.Crim.P., 17 A.R.S. provides:
    The following periods shall be excluded from the computation of the time limits set forth in Rules 8.2 and 8.3:
    a. Delays occasioned by or on behalf of the defendant, including, but not limited to, delays caused by an examination and hearing to determine competency, the defendant's absence or incompetence, or his inability to be arrested or taken into custody in Arizona.

set for April 8, 1981, defendant's time extending motion necessitated a continuance of the trial date from April 8, 1981, to May 11, 1981. Thus, pursuant to rule 8.4(a), defendant's motion caused a thirty-two (32) day delay "occasioned by or on behalf of the defendant," which should have been excluded from the computation of the ninety day time limit set forth in rule 8.3(a). *See State v. Gretzler,*[2] 126 Ariz. 60, 612 P.2d 1023 (1980). Therefore, the final date on which defendant could have been tried was June 13, 1981.

We hold that the trial court improperly granted defendant's motion to dismiss the charges, and remand the matter for trial.

We need not, therefore, address the state's second argument that the trial court abused its discretion in dismissing the charges with prejudice.

The order granting defendant's motion to dismiss the charges is reversed. The case is remanded for trial.

JACOBSON and BROOKS, JJ., concur.

---

2. *State v. Gretzler* presented a fact situation very similar to the case at bar. Gretzler was convicted in California and then extradited by Arizona and taken into custody by Arizona authorities on charges of burglary, kidnapping, robbery and murder, and thus, rule 8.3 applied to determine the time period for trial. The court held that various motions made by the defendant, including the motions for continuances of the trial date, "were obtained by [the defendant] as a result of the motions he was entitled in law to make and were 'on behalf of the defendant.' Rule 8.4(a)." 126 Ariz. at 71, 612 P.2d at 1034.