782 P.2d 326

**Ronald MATHEWS, Appellant,**

v.

**STATE of Arizona, Appellee.**

**No. 2 CA–CV 89–0136.**

Court of Appeals of Arizona, Division 2, Department B.

Sept. 26, 1989.

Reconsideration Denied Nov. 7, 1989.

Redesignated as Opinion and Publication Ordered Nov. 7, 1989.

Petition for Review Denied Feb. 26, 1990.

Frederick S. Dean, Tucson City Atty., and R. William Call, Deputy City Atty., Tucson, for appellee.

Law Office John A. O'Brien, P.C., Tucson, for appellant.

## OPINION

LIVERMORE, Presiding Judge.

On this appeal from the denial of relief in superior court on a special action brought from Tucson City Court, the sole issue is whether the speedy trial time limits of Rule 8, Ariz.R.Crim.Proc., 17 A.R.S., have been exceeded. Essentially, appellant's position, relying on a dictum in *Stone v. Wren*, 22 Ariz.App. 165, 525 P.2d 296 (1974), is that any delay caused by him that did not result in an actual delay of the trial date is not excluded time under Rule 8.4(a). We reject this argument. Every defense delay is to be excluded. If the rule were otherwise defendant could delay all proceedings before the initial trial date and then contend that any prosecutorial delay, no matter how small, denied him his Rule 8 rights. That delays before the initial trial date are to be excluded time is the teaching, implicit or explicit, of *State v. Gretzler*, 126 Ariz. 60, 612 P.2d 1023 (1980), *State v. Soto*, 159 Ariz. 33, 764 P.2d 768 (App.1988), and *State v. Burrus*, 134 Ariz. 251, 655 P.2d 371 (App.1982). Any delay on behalf of the defense, even if early in the proceedings, necessarily has ramifications later on. The delay in this case to obtain an attorney led to delayed discovery and hence a delayed trial.

Affirmed.

FERNANDEZ, C.J., and LACAGNINA, J., concur.