NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DONNIE GUY DAY, *Appellant*.

No. 1 CA-CR 20-0194

FILED 03-30-2021

Appeal from the Superior Court in Mohave County
No. S8015CR201801939
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian Coffman
*Counsel for Appellee*

Law Office of Elizabeth M. Hale, Phoenix
By Elizabeth M. Hale
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Cynthia J. Bailey joined.

---

C A T T A N I, Judge:

¶1        Donnie Guy Day appeals his methamphetamine-related convictions and sentences, arguing that purported speedy trial violations warrant reversal.  He further argues that the superior court abused its discretion by denying his continuance request after he decided to represent himself.  For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In early December 2018, law enforcement officers served a warrant to search Day's house.  Day acknowledged selling drugs and showed the officers where to find methamphetamine and marijuana in his room. The search also revealed a methamphetamine pipe, rolling papers, a scale, small zip-top baggies, and $365 in cash.

¶3        Day was arrested and charged with possession of dangerous drugs for sale, possession of drug paraphernalia, and possession of marijuana.  He was arraigned on January 7, 2019, and the superior court initially set trial for August 21, 2019.  Over the course of the pretrial proceedings, the court twice appointed new counsel for Day at his request. Just over two weeks before trial was set to begin, Day's newly appointed counsel requested a continuance to allow him time to prepare for trial. Day's counsel sought and the court granted two additional trial continuances—after which the court noted it was unlikely to allow further continuances—yielding a final trial date of February 3, 2020.

¶4        Day ultimately waived his right to counsel and began to represent himself on January 30, 2020.  A few days later, on the first day of trial, Day requested a continuance "to possibly get in more motions."  The superior court denied the request, and Day proceeded to represent himself at trial with the assistance of advisory counsel.

¶5        The jury found Day not guilty of the marijuana offense but guilty of the two other charges.  Immediately thereafter, Day moved to dismiss the case based on a purported violation of his speedy trial rights.

The superior court denied the motion, calculating 238 days excluded as delays occasioned on Day's behalf, *see* Ariz. R. Crim. P. 8.4(a)(1), and reasoning (based on a mistake as to the date of Day's arraignment—January 17 rather than January 7, 2019) that Day's trial began 144 days after arraignment and thus within the 150-day limit of Rule 8. *See* Ariz. R. Crim. P. 8.2(a)(1).

**¶6**     The court sentenced Day to concurrent, presumptive terms of imprisonment totaling 10 years. Day timely appealed, and we have jurisdiction under A.R.S. § 13-4033(A)(1).

## DISCUSSION

### I.     Speedy Trial.

**¶7**     Day argues that the superior court erred by denying his motion to dismiss and that reversal is warranted based on violation of his right to a speedy trial under Rule 8 and under the Sixth Amendment of the U.S. Constitution. We review the denial of a motion to dismiss on speedy trial grounds for an abuse of discretion and resulting prejudice. *State v. Spreitz*, 190 Ariz. 129, 136 (1997).

**¶8**     Under Rule 8, trial for a defendant in custody must begin within 150 days after arraignment, excluding those delays "caused by or on behalf of the defendant." *See* Ariz. R. Crim. P. 8.2(a)(1), 8.4(a)(1). The excluded period includes delays occasioned by defense requests for continuances (even those that do not ultimately delay the trial date). *See State v. Blakley*, 204 Ariz. 429, 441, ¶ 62 (2003); *Mathews v. State*, 162 Ariz. 208, 209 (App. 1989). Defense counsel's request for or agreement to a delay is binding on the defendant, "even if made without the defendant's consent." *Spreitz*, 190 Ariz. at 139. Additionally, the defendant must timely raise the issue—before the Rule 8 time limit expires—to allow the court an opportunity to prevent a rule-based speedy trial violation. *Id.* at 138; *see also* Ariz. R. Crim. P. 8.1(d) (requiring defense counsel to "advise the court of an impending expiration of time limits"). And even when trial is held outside the Rule 8 time limits, reversal is warranted only if the defendant was prejudiced by the delay. *State v. Vasko*, 193 Ariz. 142, 148–49, ¶¶ 30–31 (App. 1998).

¶9 Here, Day does not contest the superior court's exclusion of 238 days as delay occasioned on his behalf.[1] Instead, he argues that the court's Rule 8 calculation was based on an incorrect arraignment date (January 17 rather than January 7, 2019) and asserts that for Rule 8 purposes, his trial stared 154 days after arraignment (instead of 144 days as the superior court found) and thus fell outside the 150-day limit of Rule 8.2(a)(1).

¶10 Even though (as the State agrees) the court based its calculation on the wrong arraignment date, Day's Rule 8 argument nevertheless fails. First, Day did not timely object to the delayed trial. Day's motion to dismiss on speedy trial grounds was not filed until after the trial, at which point Day alleged the Rule 8 deadline had already passed. Although he filed one *pro se* speedy trial motion before trial, he did so while represented by counsel, *see State v. Dixon*, 226 Ariz. 545, 553, ¶ 39 (2011) (noting no entitlement to hybrid representation), and in any event, that motion was an after-the-fact assertion that his speedy trial rights had already been violated. Because Day never put the court on notice of an impending Rule 8 time limit, "he cannot [] claim a violation that requires reversal." *See Spreitz*, 190 Ariz. at 138.

¶11 Moreover, Day has not shown that he suffered cognizable prejudice resulting from a Rule 8 violation. Day argues that the delay caused him prejudice because he lost income, assets, and his driver's license while in pretrial detention. But prejudice for Rule 8 purposes requires Day to show "that his defense [was] harmed by the delay," *Vasko*, 193 Ariz. at 147, ¶ 22, and Day has neither alleged nor proven any such harm.

¶12 Day's assertion of a constitutional speedy trial violation is similarly unavailing. To determine whether a Sixth Amendment speedy trial violation occurred, we consider "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) the prejudice to the defendant." *State v. Parker*, 231 Ariz. 391, 398, ¶ 9 (2013) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). Prejudice is the most important factor, *see Spreitz*, 190 Ariz. at 139–40, and as described

---

[1] Although Day also contends that "defense counsels['] lack of proper and timely preparation . . . should not be counted against [him]," he is bound by delays sought by defense counsel. *See Spreitz*, 190 Ariz. at 139. To the extent this argument represents a challenge to the adequacy of counsel's performance, any such claim of ineffective assistance of counsel may only be raised in Rule 32 proceedings for post-conviction relief, not on direct appeal. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007).

above, Day has failed to assert or establish any cognizable prejudice to his ability to mount a defense. *See id.* at 140; *State v. Henry*, 176 Ariz. 569, 579 (1993). Accordingly, Day's speedy trial claims fail.

## II. Denial of Motion to Continue.

¶13 Day's speedy trial argument notwithstanding, he asserts that after the court granted his request to waive counsel and represent himself, the superior court erred by denying his request to continue the trial to afford him additional time and resources to prepare his defense, which he claims deprived him of his due process right to a fair trial. The superior court must grant a continuance "only on a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice." Ariz. R. Crim. P. 8.5(b). We review the denial of a requested continuance for an abuse of discretion and resulting prejudice. *State v. Forde*, 233 Ariz. 543, 555, ¶ 18 (2014).

¶14 Day asserts that he needed additional time to secure exculpatory evidence, such as his medical marijuana card and proof that the money found in his pocket was from disability benefits, not drug sales. While the medical marijuana card might have been relevant to the marijuana charge, *see* A.R.S. § 36-2811(B)(1) (immunizing registered qualifying patients for medical use of marijuana), Day suffered no prejudice because the jury acquitted him of that offense, and his status as a medical marijuana patient was not relevant to the methamphetamine charges. And Day testified at trial—giving him the opportunity to explain to the jury the source of the money found in his pocket—but he offered no such explanation. Beyond now speculating that "the jury might have acquitted him," Day does not explain how the denial of his request to continue the trial prejudiced his defense. *See State v. VanWinkle*, 230 Ariz. 387, 391, ¶ 12 (2012). Accordingly, Day has not established that the superior court abused its discretion by denying a trial continuance.

## CONCLUSION

¶15 Day's convictions and sentences are affirmed.

