745 P.2d 135
**STATE of Arizona, Appellant,**

v.

**Lyle Kent DRIGGS, Appellee.**

**No. CR 87–0007–PR.**

Supreme Court of Arizona,
In Banc.

Sept. 24, 1987.

Thomas E. Collins, Maricopa Co. Atty. by Timothy L. Moulton, Maricopa Deputy Co. Atty., Phoenix, for appellant.

Gregory R. Jordan, Phoenix, for appellee.

CAMERON, Justice.

I.

This is a petition for review of a decision and opinion of the court of appeals, division one, 155 Ariz. 74, 745 P.2d 132, which set aside the trial court's dismissal of felony drunk driving charges against the defendant, Lyle Kent Driggs. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3), A.R.S. § 12–120.24 and Rule 31.19, Ariz.R.Crim.P., 17 A.R.S.

II.

We must determine whether *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980), applies to successive drunk driving offenses proscribed by A.R.S. § 28–692.01(F).

III.

The facts necessary for a determination of this matter are as follows. On 7 May 1984, defendant was arrested for driving while under the influence of intoxicating liquor (DWI) and driving with a blood-alcohol content greater than 0.10 percent. At the time of the arrest, defendant had one prior DWI conviction which had occurred on 20 November 1980. The state, however, did not obtain an indictment for the second DWI offense until October of 1985, some eighteen months after the arrest. During this period of time, defendant was arrested on 19 December 1984 for another DWI which was disposed of by a plea of guilty. Because defendant now had two prior DWI convictions, the May 1984 offenses were treated as felonies and defendant was indicted for felony DWI pursuant to A.R.S. § 28–692.01(F).[1] The indictment charged the prior convictions of 19 December 1984 and 20 November 1980 as the two previous violations of A.R.S. § 28–692.

Defendant moved to dismiss. The trial court granted the motion ruling that the use of the 19 December 1984 conviction to enhance punishment for the 7 May 1984 violation was a denial of due process because the defendant had no notice that his conduct on 7 May 1984 subjected him to felony prosecution.

1. The state claims that the matter was not referred to the county attorney for felony prosecution until after defendant was arrested on 19 December 1984 for DWI. Even so, the felony indictment on 10 October 1985, followed the 19 December 1984 arrest by almost ten months.

On appeal by the state, the court of appeals disagreed with the trial court. Citing *Hannah* and other cases of this court, the court of appeals reversed and remanded the matter with instructions to reinstate the two felony charges. We granted the petition for review because we believe the court of appeals incorrectly decided the matter.

## IV.

As the court of appeals noted, in its opinion: The issue raised by the state is whether a prior DWI conviction may be used to raise a misdemeanor DWI to a felony DWI pursuant to A.R.S. § 28–692.01(F), even though the prior conviction is for an offense committed after the commission of the principal offense.

The court of appeals addressed the issue of notice stating:

The amendment which expanded the time period for consideration of prior DWI convictions under this section from 36 to 60 months became effective July 26, 1983. Thus, the trial court was incorrect in its ruling that appellee had no notice that his conduct on May 7, 1984, could subject him to felony prosecution. The law is clear and warns that anyone convicted three or more times for DWI within 60 months is subject to felony prosecution. A.R.S. § 28–692.01(F) was in effect at the time appellee committed the December 19, 1984 DWI offense and at the time appellee was arrested for DWI on May 7, 1984. Therefore, it does not follow that appellee had no notice that his conduct on May 7, 1984 could result in felony prosecution. Nor was it a denial of due process for the state to allege the December 19, 1984 conviction as a prior conviction.

We agree with the court of appeals that at the time of the arrest on 7 May 1984, defendant had notice that if he was convicted of another DWI offense prior to trial of the May offense, he would be in violation of the felony provision of the DWI statute. We believe, however, that there is another reason why the trial court was correct in dismissing the indictment.

A.R.S. § 28–692.01(F) states in part:

If a person is convicted of a third or subsequent violation of § 28–692 ... within a period of sixty months, the person is guilty of a class 5 felony and shall not be eligible for probation, pardon, parole, commutation or suspension of sentence or release on any other basis except as specifically authorized by § 31–233 subsection A or B until the person has served not less than six months in prison. *The dates of the commission of the offense are the determining factor in applying this subsection.* (Emphasis added).

A liberal reading of the statute would indicate that "if a person is convicted of a third or subsequent violation within a period of sixty months," then that person shall be convicted of a class 5 felony. This reading would indicate that the sequence of convictions rather than offenses control. Were this the only wording of the statute, we would hold, as did the court of appeals, that the felony charges in this case were proper under the statute. A.R.S. § 28–692.01(F) further states, however, that *"the dates of the commission of the offense are the determining factor in applying this subsection."* With this additional sentence, the statute provides that before a defendant may be charged for violation of § 28–692 as a class 5 felony, he must have first committed (and been convicted of) two previous violations of § 28–692. That is not the situation in this case. While it is true that defendant has been convicted within sixty months of a "third or subsequent violation of 28–692," only one of the two previous convictions was for an offense that had been committed prior to the time of the May 1984 offense. Under the additional wording of the statute, two offenses and the accompanying convictions must occur before a felony may be charged. In fact, the statute clarifies this issue by stating:

The court shall allow the allegation of a prior conviction or other pending charge of a violation of § 28–692 filed twenty or more days before the date the

case is actually tried and may in its discretion allow the allegation of a prior conviction or other pending charge of a violation of § 28–692 filed any time prior to the date the case is actually tried, provided that when the allegation is filed this state must make available to the defendant a copy of any information obtained concerning the prior conviction or other pending charge. *The sequence of court dispositions of pending cases is immaterial if the offenses were committed within 60 months.*

A.R.S. § 28–692.01(I) (emphasis supplied). By this subsection, the legislature allows a third offense to be amended to a felony when the defendant is convicted of two prior offenses prior to trial on the third offense by this statute. The legislature indicates that in DWI cases, however, it is the time of the offense, rather than the time of conviction, that is controlling. In the instant case, the 7 May 1984 incident was a second offense and not a third offense within 60 months and the felony indictment was properly dismissed.

## V.

The state contends, however, that our prior case of *State v. Hannah, supra,* applies to this case. In *Hannah,* we construed sentencing under A.R.S. § 13–604 which is part of our general criminal statute stating:

> It is noted that A.R.S. § 13–604 covers many aspects of the sentencing of persistent and repetitive offender. § 13–604(A), for example, is both an enhanced punishment section as well as statute of limitations (10 years), on the use of prior offenses in sentencing. § 13–604 is not a true recidivist statute as the terms is commonly understood. Recidivist statutes have usually been construed to mean that the defendant must have been convicted of a crime before the second crime was committed in order for the statute to apply. See Annotation, 24 A.L.R.2d 1247. The purpose of such a recidivist statute is to deter crime by serving as a warning to first offenders and to encourage their reformation. Our state legislature has

clearly indicated that it was concerned not only with deterring the commission of crime, but also with punishing the persistent or repetitive offender regardless of when the defendant committed the other offense. The statute, § 13–604(B), refers to prior convictions and not prior offenses. So long as the defendant was convicted of the other offense before the conviction in the principal offense, the enhanced punishment provisions of § 13–604(B) are applicable.

126 Ariz. at 576, 617 P.2d at 528. *Hannah* held that a prior felony conviction could be used for enhanced punishment pursuant to A.R.S. § 13–604(B), even though the prior conviction was obtained after the commission of the principal offense. *See also State v. Rybolt,* 133 Ariz. 276, 650 P.2d 1258 (App.1982), *rev'd on other grounds, State v. Diaz,* 142 Ariz. 136, 688 P.2d 1028 (App.), *adopted,* 142 Ariz. 119, 688 P.2d 1011 (1984). We have also noted that pursuant to A.R.S. § 13–604(H):

> A prior conviction may be used to enhance a subsequent conviction even though the prior conviction was for an offense which occurred after the occurrence of the offense which formed the basis of the subsequent conviction.

*State v. Superior Court in and for Maricopa County,* 142 Ariz. 280, 282, 689 P.2d 539, 541 (1984).

*Hannah, supra,* was, however, based on the general criminal statute and does not apply to the separate and unique DWI statute. There is nothing in the DWI statute (§ 28–692.01) requiring a sequential relation between convictions. Instead, the statute clearly indicates that it is the sequence of the offenses not the sequence of convictions, in DWI cases that is important. *Hannah, supra,* does not apply.

We note in passing that while defendant was arrested on 7 May 1984, he was not indicted and prosecuted at that time and it was not until October 1985, almost eighteen months after he was arrested on 7 May 1984, that defendant was indicted. Had the state promptly prosecuted defendant for the 7 May 1984 offense, then the conviction for that offense could have been

considered a prior offense for the purpose of A.R.S. § 28–692.01(F). By waiting nearly eighteen months to prosecute the May 1984 offense, the state lost the opportunity to prosecute the December 1984 offense as a felony.

The opinion and the decision of the court of appeals is vacated and the decision of the trial judge affirmed.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN, J., concur.

NOTE: Justice JAMES MOELLER did not participate in the determination of this matter.