764 P.2d 768

**STATE of Arizona, Appellant,**

v.

**Ignacio G. SOTO, Appellee.**

**No. 1 CA–CR 11941.**

Court of Appeals of Arizona, Division 1, Department D.

Sept. 13, 1988.

Review Denied Dec. 20, 1988.

**34**

Thomas E. Collins, Maricopa Co. Atty. by H. Allen Gerhardt, Deputy Co. Atty., Phoenix, for appellant.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for appellee.

## OPINION

### KLEINSCHMIDT, Judge.

The principal issue in this case concerns whether the state failed to bring the defendant to trial in a timely fashion. We hold that delay attributable to the defendant when the case is pending in the city court is also attributable to him when the matter is transferred to the superior court for felony prosecution. Consequently, the defendant's right to a speedy trial was not violated, and the trial court erred in dismissing the prosecution with prejudice.

The facts necessary for a determination of this matter are as follows. Ignacio Soto was arrested four times in 1986 for driving under the influence of alcohol. The arrests occurred on July 19 (Arrest 1), November 17 (Arrest 2), November 29 (Arrest 3), and December 6 (Arrest 4).

Soto was convicted in city court for Arrests 2 and 4 in June 1987. The state initially attempted to prosecute Soto for Arrest 3 in city court, but Soto failed to appear, causing considerable delay. Soto does not contest that the delay amounted to 130 days. In July 1987, the state decided to transfer the prosecution for Arrest 3 to superior court.

In doing so, the state relied on A.R.S. § 28–692.01(F), which provides that a third drunk driving conviction committed within 60 months is a felony. The indictment filed in superior court charged Soto with Arrest 3 and cited Arrests 2 and 4 as prior convictions committed within 60 months of Arrest 3.

In August 1987, Soto filed a motion to dismiss the action against him, claiming that the state had violated his right to a speedy trial, and that the state had improperly alleged Arrest 4 as a prior conviction for the felony prosecution of Arrest 3. The trial court granted the motion, dismissing the action with prejudice. The state filed a timely notice of appeal. This court has jurisdiction pursuant to A.R.S. § 13–4032(1) (Supp.1987).

█ We first address the issue of Soto's right to a speedy trial. Two hundred fifty-four days elapsed from the date of Arrest 3 until the trial court's dismissal on August 10, 1987. Soto argues that the state failed to bring him to trial within 150 days as required by *Hinson v. Coulter*, 150 Ariz. 306, 723 P.2d 655 (1986); Rule 8, Arizona Rules of Criminal Procedure; and the Sixth Amendment to the United States Constitution.

The state contends that the *Hinson* time limits should run anew from the date of the felony indictment or, alternatively, that even if the *Hinson* time limits run from the date of Arrest 3, the delay occasioned by Soto's failure to appear in city court should be excludable time in the present prosecution.

In agreeing to dismiss the action, the trial court reasoned:

[The felony prosecution for Arrest 3 is] governed by *Hinson* because the alleged violation date is November 29, 1986. *Hinson* provides for excluded time periods under Rule 8 for delays caused by the defendant's absence. Although the defendant was absent for some proceedings in Phoenix City Court on the original misdemeanor prosecution, the defendant has not delayed the felony prosecution in superior court in any way. More-

over, the defendant could not have been prosecuted for a felony until after June 17, 1987, the date of the conviction for the two priors [Arrests 2 and 4]. The 150–day requirement under *Hinson* had already been exceeded before the date of the prior conviction in city court and before the date of indictment in superior court.

It is clear under *Hinson* that in cases which involve driving under the influence of alcohol (DUI), Rule 8 time limits are strictly applied and "a defendant must be tried *within 150 days from the date of the arrest*." (Emphasis added.) *Id.* at 309, 723 P.2d at 658. Equally clear from *Hinson* is that "the exceptions contained in Rule 8" apply to the speedy trial calculations. "Failure to proceed promptly will result in a dismissal with prejudice, *unless the exceptions contained in Rule 8 apply.*" (Emphasis added.) *Id.* at 311, 723 P.2d at 660.

Rule 8.4, Arizona Rules of Criminal Procedure, states in relevant part:

Rule 8.4 *Excluded*

The following periods *shall* be excluded from the computation of the time limits set forth in Rule 8.2 and 8.3;

(a) *Delays occasioned by or on behalf of the defendant....* (Emphasis added.)

The language of Rule 8.4 and existing case law firmly establish that in computing time limits under Rule 8, all delay occasioned by or on behalf of the defendant *must* be excluded. *See, e.g., State v. Johnson,* 113 Ariz. 506, 510, 557 P.2d 1063, 1066 (1976); *State v. Burris,* 134 Ariz. 251, 252–53, 655 P.2d 371, 372–73 (App.1982); *see also State v. Knapp,* 123 Ariz. 402, 405, 599 P.2d 855, 858 (App.1979) ("The comment to that section [Rule 8.4] further makes it clear that such times *must be excluded....*" (emphasis added)).

The question is whether delay excludable in city court is also excludable in superior court if and when the case is transferred. If the delay is not excludable, defendants arrested for DUI during the pendency of a misdemeanor prosecution might avoid prosecution for a felony DUI in a latter case simply by delaying the pending misdemean-

or prosecution. The *Hinson* court could hardly have intended this result. No persuasive reasons appear why delay caused by a defendant in a city court misdemeanor DUI prosecution should not be excluded when the offense is transferred for prosecution as a felony in superior court.

■ The state is not entitled to a new 150–day period when charges are refiled as felonies in superior court. We see no reason why a defendant should be entitled to a new computation of excludable delay. Just as *Hinson* requires trial within 150 days from arrest, delay occasioned by a defendant from the date of his arrest is chargeable to the defendant. The state cannot proceed to prosecute a DUI offense as a felony unless and until prior offenses become convictions. But for Soto's failure to appear in city court, the prior offenses may have resulted in convictions much sooner. It is fair to charge this delay to Soto.

Of the 254 days from Arrest 3 to dismissal, 130 can be directly attributed to delays for which Soto is responsible. Therefore, the state did not violate Soto's right to a speedy trial under *Hinson* or Rule 8, and the trial court incorrectly dismissed the action with prejudice. Nonetheless, we find reason to support dismissal without prejudice based on *State v. Driggs,* 155 Ariz. 77, 745 P.2d 135 (1987).

■ In *Driggs,* relying on specific language in A.R.S. § 28–692.01(F), the supreme court held that statute does not permit prosecution of a DUI offense as a felony unless both prior offenses occurred prior to the date of the instant violation. In the present case, Arrest 4, though alleged as a prior, did not occur before the date of Arrest 3. Therefore, pursuant to *State v. Driggs* the felony indictment is insufficient as a matter of law and dismissal was appropriate. We note that after *Driggs* was decided the trial court relied on it to dismiss the charges growing out of Arrest 1 without prejudice. The state does not appeal this latter dismissal.

■ Soto argues that the appeal of the dismissal of the action is moot in light of *Driggs.* We disagree. Although dismissal

of the action was appropriate, it was done with prejudice. Rule 8.4, as interpreted by *Hinson*, has not been violated. The state is entitled to pursue a misdemeanor prosecution of Arrest 3. Therefore, that portion of the order dismissing with prejudice is vacated and the matter remanded for proceedings consistent with this decision.

FIDEL, P.J., and NOYES, J., concur.

NOTE: The Honorable E.G. NOYES, Jr. was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.