814 P.2d 748

**STATE of Arizona, Appellee,**

v.

**Humberto Carrillo CAMPA, Appellant.**

**No. CR–90–0156–PR.**

Supreme Court of Arizona,
En Banc.

June 27, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Randall M. Howe, Asst. Attys. Gen., Phoenix, for appellee.

James S. Alexander, Tucson, for appellant.

## OPINION

MOELLER, Justice.

### STATEMENT OF THE CASE

Humberto Carrillo Campa (defendant) was arrested for driving a motor vehicle while under the influence of intoxicating liquor (DUI). Because his driver's license had been previously suspended, and because he had prior driving offenses, he was ultimately indicted for and convicted of four separate class 5 felonies. Specifically, defendant was charged with and convicted of the two felonies of DUI *and* driving with a blood alcohol content (BAC) of .10 percent or more while driving on a suspended license. *See* A.R.S. § 28–692.02(A)(1). Defendant was also charged with and convicted of the two additional felonies of DUI *and* driving with a BAC of .10 percent or more while having two DUI convictions in the preceding sixty

months. *See* A.R.S. § 28–692.01(F). With respect to each of the four offenses, the state filed an allegation of two prior felony convictions pursuant to A.R.S. § 13–604(C). The two prior felony convictions were also for driving offenses.

After the jury found defendant guilty of the current offenses, defendant waived a jury trial on the prior convictions and admitted that he had been convicted of two prior driving felonies within sixty months of the present offenses. At sentencing, the trial court used the prior felony convictions to impose an aggravated term of six years on each count, with all four sentences to run concurrently.

On appeal, the court of appeals first vacated the convictions on the two counts relating to driving with a BAC of .10 percent or more. We originally granted review of that portion of the court of appeals' opinion to consider the retroactivity of the rule announced in *Desmond v. Superior Court*, 161 Ariz. 522, 779 P.2d 1261 (1989). We now vacate the *Desmond* portion of our order granting the petition for review.

With respect to the two DUI charges (DUI with prior convictions and DUI with a suspended license), the court of appeals affirmed the convictions but remanded for resentencing, holding that the trial court could not enhance defendant's sentences by reason of his prior felony convictions. We also granted review of that portion of the opinion and have jurisdiction pursuant to Ariz.Const. art. 6, § 5(3), and A.R.S. § 12–120.24. We vacate that portion of the court of appeals' opinion because we conclude that the trial court properly enhanced defendant's sentences on the DUI counts.

## ISSUE

Whether driving offenses that are defined as felonies in Title 28 are subject to enhanced punishment under A.R.S. § 13–604 by reason of similar prior felony convictions.

## DISCUSSION

### Dismissal of *Desmond* Retroactivity Issue

■ In *Desmond v. Superior Court* we held that:

[E]vidence of a driver's blood alcohol content taken within a reasonable period of time after arrest is admissible if A.R.S. § 28–692.03 is complied with. Such evidence, however, standing alone, does not make a *prima facie* case of a violation of either subsection A or subsection B of A.R.S. § 28–692. In order for the state to receive the statutory presumption instruction in a charge under subsection A or to make a *prima facie* case under subsection B, there must be some evidence relating the BAC back to the time of arrest.

161 Ariz. at 528–29, 779 P.2d at 1267–68.

In this case, the appeals court held that *Desmond* is retroactive. Because there was no relation-back evidence, the court dismissed for lack of sufficient evidence the two charges involving allegations that defendant operated his vehicle with a BAC of .10 percent or more. We originally granted review in this case, in part, to consider the issue of *Desmond*'s retroactivity. Subsequent to our grant of review, Division One of the Arizona Court of Appeals, in an exhaustive opinion, held that *Desmond* applies to cases not yet final on direct appeal when the relation-back issue has been properly raised in the trial court. *State v. Mendoza*, Ariz., (App.1990). Although we granted review on another issue in *Mendoza*, we expressly denied review of the *Desmond* retroactivity issue. We did so because, after consideration, we agreed with the court in *Mendoza* that, when the issue has been properly raised and preserved in the trial court, the *Desmond* relation-back rule applies to cases not yet final on direct appeal.

Defendant in this case did not raise the *Desmond* issue in the trial court. However, the *Desmond* issue on the BAC counts is moot because we have now concluded that defendant's convictions and concurrent sentences on the two remaining DUI counts should be affirmed. Accordingly, we now vacate, as improvidently granted, the *Desmond* portion of our order

granting review and deny the petition on that point.

### Sentence Enhancement Under A.R.S. § 13–604

#### I. *The Court of Appeals' Ruling*

■ The court of appeals held that defendant's prior felony convictions could not be used for sentence enhancement, and therefore ordered defendant resentenced as if he were a first-time class 5 felon. The court reasoned:

> Appellant contends that the trial court improperly enhanced his sentence pursuant to A.R.S. §§ 13–604(A), (C) and 28–692.01. He argues that § 28–692.01 sets forth the only penalties which may be imposed for repetitive offenses committed in violation of § 28–692. We agree. *State v. Driggs* [155 Ariz. 77, 745 P.2d 135 (1987)] ... clearly establishes that § 13–604 does not apply to the separate and unique DUI statutes. The trial court therefore erred in its application of § 13–604.

*State v. Campa,* 164 Ariz., 468, 471, 793 P.2d 1135, 1138 (1988).

We granted review on this point and requested supplemental briefs to shed light on the proper interplay between Titles 13 and 28, and to assist us in determining what effect, if any, the relatively recent cases of *State v. Orduno,* 159 Ariz. 564, 769 P.2d 1010 (1989), and *State ex rel. Collins v. Udall,* 149 Ariz. 199, 717 P.2d 878 (1986), should have on the resolution of the issue. We disagree with the court of appeals' conclusion that sentences for felony DUI offenses may not be enhanced by reason of prior felony convictions.

#### II. *The Statutory Scheme of Title 28*

Our discussion of statutes in this case is limited to those in force at the time of defendant's offenses. Some amendments have been made since then, but they do not apply to this case.

Title 28 defines driving offenses. A.R.S. § 28–692 makes DUI or driving with a BAC of .10 percent or more a class 1 misdemeanor. If the offense is committed a second time within sixty months, it remains a class 1 misdemeanor, but certain additional minimum sentencing provisions become applicable. *See* A.R.S. § 28–692.01(E). A third offense within sixty months is a class 5 felony. *See* A.R.S. § 28–692.01(F). The offense is also a class 5 felony if committed while on a suspended or revoked license. *See* § 28–692.02(A)(1).

Although Title 28 classifies the offenses as class 1 misdemeanors or class 5 felonies, Title 28 does not set forth the penalties for such offenses. To determine the penalties, one must look to Title 13 to determine the range of sentences for either class 1 misdemeanors or class 5 felonies. Title 28 does, however, contain certain minimum mandatory sentencing provisions, such as minimum jail sentences and minimum periods of incarceration before parole is possible.

#### III. *Driggs*

The court of appeals relied on this court's decision in *State v. Driggs* for the proposition that § 28–692 is a self-contained statute, thus rendering the enhancement provisions of § 13–604 inapplicable to Title 28 felonies. *Driggs,* 155 Ariz. 77, 745 P.2d 135. The question in *Driggs* was whether a "prior" DUI misdemeanor conviction could be used to raise a misdemeanor DUI to a felony DUI under A.R.S. § 28–692.01(F) when the "prior" conviction was for an offense that occurred *after* the one being tried. *Id.* at 78, 745 P.2d at 136.

Because A.R.S. § 28–692.01(F) specifically provided that "the dates of the commission of the offense are the determining factor in applying this subsection," we held in *Driggs* that the misdemeanor conviction for the *later* offense could not be used to upgrade the present offense. *Id.* at 79, 745 P.2d at 137. In doing so, we distinguished *State v. Hannah,* 126 Ariz. 575, 577, 617 P.2d 527, 529 (1980), which held that an earlier conviction could be used to enhance a defendant's sentence under § 13–604, even though the enhancing offense occurred after the offense being enhanced. We stated that "[*Hannah* was] based on the general criminal statute and does not apply to the *separate and unique DWI*

*statute."* *Driggs,* 155 Ariz. at 79, 745 P.2d at 137 (emphasis added).

Section 28–692.01, as a "separate and unique DWI statute," does provide time guidelines for driving violations that are unique to those violations and are not affected by A.R.S. § 13–604. *Driggs* did not, however, address or consider the question presented in this case, which is whether driving offenses that are felonies under A.R.S. § 28–692 are exempt from the enhancement provisions of A.R.S. § 13–604.

### IV. *Application of A.R.S. § 13–604 Enhancement Provisions to A.R.S. § 28–692 Felonies*

The principal rule of statutory interpretation is to determine and give effect to the legislative intent behind the statute. *Martin v. Martin,* 156 Ariz. 452, 457, 752 P.2d 1038, 1043 (1988) (citing *Calvert v. Farmers Ins. Co.,* 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985)). We consider the statute's context, the language used, the subject matter, the historical background, the statute's effects and consequences, the statute's spirit and purpose, and the evil it was designed to remedy. *Martin,* 156 Ariz. at 457, 752 P.2d at 1043; *Calvert,* 144 Ariz. at 294, 697 P.2d at 687; *Arizona Newspapers Ass'n v. Superior Court,* 143 Ariz. 560, 562, 694 P.2d 1174, 1176 (1985). When sound reason permits, we construe general and specific statutes covering the same subject matter to give effect to both. *Industrial Comm'n v. Highway Comm'n,* 40 Ariz. 163, 166, 10 P.2d 1046, 1047 (1932); *see also Finch v. Dept. of Public Welfare,* 80 Ariz. 226, 230, 295 P.2d 846, 848 (1956).

In this case, our examination of the statutes leads us to the conclusion that the enhancement provisions of A.R.S. § 13–604 apply to Title 28 felonies. Title 13 contains the general sentencing scheme for criminal offenses. Section 13–603(A) provides:

*Every person* convicted of *any* offense defined in this title *or defined outside this title shall be sentenced in accordance with this chapter* and chapters 7, 8 and 9 of this title unless otherwise provided by law.

(emphasis added).

Insofar as applicable here, A.R.S. § 13–604 provides for enhanced punishment for persons convicted of class 4, 5, or 6 felonies who have prior felony convictions. The section does not purport to exclude from its operation those felonies that are defined in Title 28. Section 13–604(C) provides:

*[A] person ... who stands convicted of a class 4, 5 or 6 felony ... and who has been previously convicted of two or more felonies* shall be sentenced to imprisonment for at least twice the sentence and not more than three times the sentence authorized by § 13–701 for the offense for which the person currently stands convicted....

(emphasis added).

Section 13–602(F) provides:

Any offense *defined outside this title* with a specification of the classification of such offense *is punishable according to the provisions of this title.*

(emphasis added).

The general sentencing provisions of the criminal code, therefore, apply to *all* crimes, whether defined in Title 13 or elsewhere. Likewise, § 13–604 applies to *all* felonies, whether defined in Title 13 or elsewhere. The language of the statutes evinces a legislative intent that *all* felonies are subject to the enhancement provisions of § 13–604.

We also note that when the legislature enacted a new comprehensive criminal code (Title 13) in 1978, it simultaneously amended § 28–692.01 to change the mandatory minimum sentencing requirements for certain first and second offense drivers and to designate these offenses as class 1 misdemeanors. To determine the punishment for a class 1 misdemeanor, however, a reference to the new Title 13 was necessary. 1978 Ariz.Sess.Laws, Ch. 201, § 468.

Further, in 1982, the legislature toughened drunk driving penalties and made certain third offenses, as well as certain offenses committed on a revoked or suspend-

ed license, class 5 felonies. 1982 Ariz.Sess. Laws, Ch. 234, § 8, at 723–24. Again, reference to Title 13 was necessary to determine the punishment for those legislatively-declared class 5 felonies. Nowhere in the 1982 amendment to Title 28 did the legislature attempt to exempt the newly-declared class 5 felonies from the general felony enhancement provisions of Title 13. *See id.* Nor did the legislature amend Title 13 to exempt the new Title 28 felonies from its sentence enhancement provisions. *Id.,* Ch. 322, § 1.

Defendant, however, argues that Title 28 should still be considered wholly independent from Title 13. In doing so, he relies heavily on *State v. Yellowmexican,* in which the court of appeals referred to § 28–692.01(F) as an enhancement statute "also commonly referred to as a recidivist statute," and also referred to § 13–604 as the "general recidivist statute of Arizona's new criminal code." 142 Ariz. 205, 207, 688 P.2d 1097, 1099 (App.1984), *opinion adopted and approved,* 142 Ariz. 91, 688 P.2d 983 (1984).

The Title 28 statutes are really classification statutes. A prior conviction increases the minimum sentence. *See* A.R.S. § 28–692.01(E). Two prior convictions upgrade the crime to a class 5 felony, *see* A.R.S. § 28–692.01(F), as does the lack of a valid license, *see* A.R.S. § 28–692.02(A)(1). But regardless of the classification created by Title 28, one must still look to Title 13 for the applicable range of permissible sentences.

Title 28's classifications are not dependent upon whether the prior convictions were for misdemeanors or for felonies and, in the case of a person driving without a license, the offense is made a class 5 felony *without* regard to prior convictions. *See* A.R.S. § 28–692.02(A)(1). Section 13–604 enhances the penalty for a presently-charged *felony* by proof of prior *felony* convictions.

Title 28 and Title 13 serve different purposes. Title 28 defines driving offenses and, in some instances, reclassifies them to felonies based upon prior offenses or license status. Title 13, on the other hand, specifies the punishment for crimes, including those defined in Title 28, and provides for enhanced punishment for repeat offenders. To accept defendant's argument would mean that a recidivist offender, such as the defendant in this case, would always be sentenced as if he were a first-time felon. We find no statute or case law to support such an aberrant result.

■ Nor does our interpretation and application of the statutes implicate any double punishment considerations. Such considerations are wholly inapplicable to defendant's conviction for DUI while driving on a suspended license because no prior convictions are implicated in that charge. With respect to the other charge, DUI with priors, we held in *State ex rel. Collins v. Udall* that the prior DUI convictions were not essential elements of the basic felony DUI offense, but only increased the penalty. 149 Ariz. 199, 200, 717 P.2d 878, 879 (1986). We recognize that we have held, strictly in the DUI context, that the motor vehicle, the operation of which is a necessary element of DUI, may not also be considered a "dangerous instrument under A.R.S. § 13–604 for sentence enhancement purposes." *State v. Orduno,* 159 Ariz. 564, 567, 769 P.2d 1010, 1013 (1989). Our reasoning was that the operation of the motor vehicle was already a necessarily included element of the crime of DUI and could not, therefore, also be used to enhance the sentences. This analysis was based upon our perception of the legislative intent as expressed in the statutes applicable to that case.

Here the prior felonies are not necessarily included elements of the present offense because they are not necessary predicates to raise the current offense to felony status; the present offense could as well have been raised to felony status by prior misdemeanors. We are therefore satisfied that no double punishment considerations are implicated in this case.

## HOLDING AND DISPOSITION

The trial court properly used A.R.S. § 13–604 to enhance defendant's sentences.

We vacate that portion of the court of appeals' opinion dealing with the DUI convictions, and affirm the trial court's sentences for DUI and DUI on a suspended license.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.