IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

_____

THE STATE OF ARIZONA,
*Appellee,*


*v.*


GUILLERMO E. COONEY,
*Appellant.*


No. 2 CA-CR 2012-0061
Filed November 8, 2013

_____

Appeal from the Superior Court in Pima County
No. CR20103945001
The Honorable Paul E. Tang, Judge

**AFFIRMED**

_____

COUNSEL

Thomas C. Horne, Arizona Attorney General
by Joseph T. Maziarz, Section Chief Counsel, Phoenix
and Alan L. Amann, Assistant Attorney General, Tucson

*Counsel for Appellee*

Isabel G. Garcia, Pima County Legal Defender
by Scott A. Martin, Assistant Legal Defender, Tucson

*Counsel for Appellant*

## OPINION

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Kelly and Judge Espinosa concurred.

E C K E R S T R O M, Judge:

**¶1**      After a jury trial, appellant Guillermo Cooney was convicted of four counts of aggravated driving under the influence of an intoxicant (DUI). Cooney now appeals, claiming evidence of time spent incarcerated was improperly admitted, the use of his two prior DUI convictions as elements in his current DUI case violated his right to protection from double jeopardy, and the trial court erred in giving the *Portillo* instruction on reasonable doubt. For the following reasons, we affirm Cooney's convictions and sentences.

## Factual and Procedural Background

**¶2**      In November 2009, Cooney was stopped by an officer of the Marana Police Department for speeding. During the traffic stop, the officer noticed "the odor of intoxicants coming from the vehicle." When the officer ran a records check, he discovered that Cooney's license was suspended. The officer then conducted a horizontal gaze nystagmus test on Cooney and observed six out of six cues that may indicate intoxication. Cooney was arrested and taken to a police substation for a blood draw, which showed a blood alcohol concentration (BAC) of .101.

**¶3**      As noted above, Cooney was charged with and convicted of four counts of aggravated DUI, specifically: DUI with a suspended license, A.R.S. §§ 28-1381(A)(1), 28-1383(A)(1),[1] driving with a BAC at or above .08 with a suspended license, §§ 28-1381(A)(2), 28-1383(A)(1), DUI with two prior DUI convictions

---

[1]We cite the current versions of these statutes, as they have not changed in material part since Cooney committed his offenses.

within eighty-four months, §§ 28-1381(A)(1), 28-1383(A)(2), and driving with a BAC at or above .08 with two prior DUI convictions within eighty-four months, §§ 28-1381(A)(2), 28-1383(A)(2). Cooney was sentenced to four enhanced, concurrent, presumptive prison terms of ten years. This appeal followed.

## Jurisdiction

¶4 The state initially asserts that we lack jurisdiction to hear this matter because the defendant's notice of appeal was untimely. Cooney's notice of appeal was filed on March 6, 2012. Although this was more than twenty days past oral pronouncement of sentence, which occurred on February 13, 2012, it was within twenty days of the filing of the minute entry, which occurred on February 15, 2012. Rule 31.3, Ariz. R. Crim. P., provides that the notice of appeal must be filed "within 20 days after the entry of judgment and sentence." This court has recently held that "the timeliness of a criminal defendant's appeal may be measured from the date when the minute entry containing the judgment and sentence was filed." *State v. Whitman*, 232 Ariz. 60, ¶ 23, 301 P.3d 226, 232 (App. 2013). We find Cooney's notice of appeal was timely filed, and we therefore have jurisdiction pursuant to A.R.S. §§ 12-120.21 and 13-4033.

## Evidence of Previous Incarceration

¶5 Cooney argues that admission over his objection of evidence regarding the time he spent incarcerated violated Rule 403, Ariz. R. Evid., because it was unduly prejudicial. He further asserts that if § 28-1383 compels admission of this evidence, it constitutes an impermissible usurpation of the Arizona Supreme Court's rulemaking authority by the legislature. We find his argument unpersuasive and hold that evidence of the time he spent incarcerated did not violate Rule 403.

¶6 "The admission of evidence is within the trial court's discretion and will not be disturbed absent an abuse of discretion." *State v. Davolt*, 207 Ariz. 191, ¶ 60, 84 P.3d 456, 473 (2004). In *State v. Geschwind*, 136 Ariz. 360, 362, 666 P.2d 460, 462 (1983), our supreme

court held that, based on Rule 19.1(b), Ariz. R. Crim. P., a defendant was not entitled to a bifurcated trial on the issue of whether he had a prior DUI conviction because the prior conviction was an element of the charged offense that had to be presented to the jury for a determination of guilt. In *State ex rel. Romley v. Galati*, 195 Ariz. 9, ¶ 16, 985 P.2d 494, 497 (1999), our supreme court confirmed that this holding was not affected by the United States Supreme Court's ruling in *Old Chief v. United States*, 519 U.S. 172, 174-75 (1997), because in *Old Chief*, "the element at issue was the existence of any prior felony conviction; . . . [t]o convict [defendants] of aggravated DUI, however, the State needed to establish they . . . sustained two prior DUI convictions within [the statutory time period]." *Galati*, 195 Ariz. 9, ¶ 15, 985 P.2d at 497.

¶7            Cooney attempts to distinguish this situation from *Geschwind* and *Galati* by the fact that "Rule 19.1(b) does not contain an express exception for when 'time spent incarcerated' is part of an element of the charged offense." We do not find this to be a meaningful distinction. The element of aggravated DUI under § 28-1383(A)(2) is not simply having two prior DUI convictions; it is having two prior DUI convictions for acts committed within a period of eighty-four months of the present offense. When calculating the eighty-four-month period, time spent incarcerated is excluded from the determination. § 28-1383(B). The state is therefore required to prove the fact of the conviction and that it fell within the time limit, excluding any time the defendant spent incarcerated. *See State v. Moran*, 232 Ariz. 528, ¶ 15, 307 P.3d 95, 100 (App. 2013) (recognizing "[p]rior qualifying convictions within the statutory timeframe" as elements of offense). If the court were required to hold a bifurcated trial on the issue of time spent incarcerated, this would essentially be a separate trial on the issue of whether the two prior convictions fell within the statutory time period. Because this is an element of the offense, such a bifurcated trial would be a violation of Rule 19.1(b) and our supreme court's holdings in *Geschwind* and *Galati*.

¶8            Although we are mindful of the highly prejudicial nature of evidence of a defendant's past incarceration, Rule 403 requires that a trial court balance the probative value of proffered

evidence against its prejudicial nature, and the rule compels exclusion only if the danger of unfair prejudice substantially outweighs the probative value. Here, where the state was required to prove that Cooney's two prior DUI convictions occurred within the statutory time limit, and as part of that proof, needed to show the time Cooney spent incarcerated, the evidence of Cooney's incarceration was essential to prove an element of the crime. *See* § 28-1383(B). Therefore, the probative value of the evidence was extremely high. Noting the danger of prejudice to Cooney, the trial court ordered the record of incarceration to be redacted to omit the underlying offense and other irrelevant information. The court also instructed the jury that it was not to consider the evidence for any purpose other than "deciding whether the State has proved to you beyond a reasonable doubt that there were two prior DUI convictions within the 84 months, excluding time incarcerated, preceding this offense." We presume jurors follow a court's instructions. *State v. Newell*, 212 Ariz. 389, ¶ 68, 132 P.3d 833, 847 (2006). Given the high probative value of the evidence, and the court's efforts to limit the prejudice to Cooney, we conclude the court did not abuse its discretion in not precluding the evidence under Rule 403.[2]

**¶9** Cooney claims that allowing this evidence because it is required to prove an element of a crime when it would otherwise be

---

[2]Cooney also asserts this evidence was inadmissible under Rule 404(b), which prevents admission of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Cooney did not raise this argument to the trial court and has therefore forfeited review absent fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005). Because Cooney does not argue on appeal that this constituted fundamental error, and we find no error that can be characterized as such, we do not consider this issue. *See State v. Moreno-Medrano*, 218 Ariz. 349, ¶ 17, 185 P.3d 135, 140 (App. 2008) (noting fundamental error argument waived if not asserted); *State v. Fernandez*, 216 Ariz. 545, ¶ 32, 169 P.3d 641, 650 (App. 2007) ("Although we do not search the record for fundamental error, we will not ignore it when we find it.").

forbidden by the rules of evidence constitutes an impermissible usurpation of the Arizona Supreme Court's rulemaking power by the legislature. Cooney did not raise this novel argument in the trial court,[3] and he has therefore forfeited review for all but fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005). Because Cooney does not argue on appeal that this constituted fundamental error, and we find no error that can be characterized as such, we do not consider this issue. *See State v. Moreno-Medrano*, 218 Ariz. 349, ¶ 17, 185 P.3d 135, 140 (App. 2008) (noting fundamental error argument waived if not asserted); *State v. Fernandez*, 216 Ariz. 545, ¶ 32, 169 P.3d 641, 650 (App. 2007) ("Although we do not search the record for fundamental error, we will not ignore it when we find it.").

## Double Jeopardy

**¶10**      Cooney next asserts that by using his two prior DUI convictions as elements of aggravated DUI, the state violated his right to protection from double jeopardy under the United States and Arizona Constitutions because he has already been punished for the prior DUIs. We conclude that no double jeopardy violation occurred.

**¶11**      We review de novo a question of double jeopardy. *State v. Siddle*, 202 Ariz. 512, ¶ 7, 47 P.3d 1150, 1153 (App. 2002).

---

[3]Cooney claims his objection based on the prejudicial effect of the time spent incarcerated was sufficient to preserve this argument, despite the fact he never articulated a separation-of-powers claim. In support of this argument, he notes the trial court "was wrestling with the conflict between the legislature's inclusion of 'time spent incarcerated' in the criminal statute and our supreme court's general preclusion of such evidence." Upon review, the record illustrates that the court was concerned about the balance of probative value and prejudice under Rule 403, but it does not suggest the court considered any separation-of-power issue. Because "an objection on one ground does not preserve the issue on another ground," we review only for fundamental error. *State v. Lopez*, 217 Ariz. 433, ¶ 4, 175 P.3d 682, 683-84 (App. 2008).

Although Cooney did not raise this objection in the trial court, and our review is therefore limited to fundamental, prejudicial error, *see Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d at 607, a violation of double jeopardy, if found, constitutes fundamental error, *State v. Price*, 218 Ariz. 311, ¶ 4, 183 P.3d 1279, 1281 (App. 2008).

**¶12**     Cooney essentially contends his two predicate DUI convictions are lesser-included offenses of his current aggravated DUI offense under § 28-1383(A)(2).   Cooney argues that because prior convictions are included as elements of the offense, rather than aggravating factors for sentencing, the statute effectively punishes him twice for his past offenses.   "To constitute a lesser-included offense, the offense must be composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one."   *State v. Celaya*, 135 Ariz. 248, 251, 660 P.2d 849, 852 (1983).

**¶13**     But Cooney's argument overlooks the temporal aspect of a lesser-included offense.   "'An offense is lesser included when the greater offense cannot be committed *without necessarily committing the lesser offense.*'"   *State v. Cruz*, 127 Ariz. 33, 36, 617 P.2d 1149, 1152 (1980), *quoting State v. Dugan*, 125 Ariz. 194, 195, 608 P.2d 771, 772 (1980) (emphasis added); *accord State v. Wall*, 212 Ariz. 1, ¶ 14, 126 P.3d 148, 150 (2006).   A lesser-included offense, in other words, is one that is necessarily committed when a defendant commits a greater offense.   A person does not commit past crimes— much less necessarily commit them—with present or future actions.   And this means that a prior adjudicated offense cannot be a lesser-included offense of a current charge.

**¶14**     In the DUI context, specifically, the requirement of prior convictions does not make them lesser-included offenses.   The *actus reus*, or physical component, of the crime of aggravated DUI under § 28-1383(A)(2) is committing a basic DUI offense under § 28-1381.[4]

_____

[4]Although the aggravated DUI statute also recognizes violations of A.R.S. §§ 28-1382 or 28-1383 as possible predicate offenses, a person cannot violate these statutes without also violating § 28-1381.

A defendant's status at the time of that act provides the additional elements necessary to sustain a conviction for the greater offense under § 28-1383(A)(2). But the only lesser-included offense is the basic DUI that is necessarily committed at the time of the present offense. Both the lesser and greater offenses share the same act of driving. The prior DUI convictions, therefore, do not constitute lesser-included offenses of aggravated DUI.

¶15        The United States Supreme Court has long held that a person is not subjected to double jeopardy when an offense "is considered to be an aggravated offense because [it is] a repetitive one." *Gryger v. Burke*, 334 U.S. 728, 732 (1948); *accord Parke v. Raley*, 506 U.S. 20, 27 (1992); *see also State v. Bly*, 127 Ariz. 370, 372-73, 621 P.2d 279, 281-82 (1980) (use of weapon as element of crime and sentencing factor did not violate double jeopardy); *State v. Stefanovich*, 232 Ariz. 154, ¶ 6, 302 P.3d 679, 680-81 (App. 2013). Cooney attempts to distinguish his case from this long line of well-established precedent by the fact that his two prior convictions were used as elements of the offense rather than sentencing factors. But the effect of § 28-1383(A)(2) is to punish a defendant more severely for a recent crime based on his having committed previous crimes, which is precisely what courts have long held is constitutionally permissible. *See, e.g.*, *State v. Vardiman*, 552 S.E.2d 697, 701 (N.C. Ct. App. 2001). Cooney does not explain how the inclusion of prior convictions as an element, rather than a sentencing factor, changes that result, and he cites no case law from any jurisdiction that has found a double jeopardy violation in this circumstance.

¶16        Nor does the Arizona Supreme Court's opinion in *State v. Campa*, 168 Ariz. 407, 814 P.2d 748 (1991), mandate a different outcome. In *Campa*, the court determined the use of prior convictions to establish felony DUI under the former A.R.S. § 28-692.01(F)[5] did not implicate double punishment concerns. *Campa*, 168 Ariz. at 411, 814 P.2d at 752. The court reasoned that because the defendant's two prior felony convictions for driving offenses were not elements of the offense, "no double punishment considerations [were] implicated." *Id.* Cooney argues, inversely, that if prior

---

[5] 1987 Ariz. Sess. Laws, ch. 275, §§ 2, 7, and ch. 262, §§ 3, 5.

offenses are elements of the offense, then double punishment becomes an issue. We reject this argument for two reasons.

**¶17** First, *Campa*'s discussion of double jeopardy with respect to the elements of aggravated DUI is dicta, because under the former statute discussed in that case, the prior convictions were not elements of a substantive offense, but rather facts that "increased the penalty" and classification of the DUI offense. *Id.*; *see also State v. Kelly*, 210 Ariz. 460, ¶ 5, 112 P.3d 682, 684 (App. 2005) ("'Dictum is not binding precedent because, *inter alia*, it is without the force of adjudication and the court may not have been fully advised on the question.'"), *quoting Creach v. Angulo*, 186 Ariz. 548, 552, 925 P.2d 689, 693 (App. 1996). Second, *Campa*'s discussion of double jeopardy relied on *State v. Orduno*, 159 Ariz. 564, 769 P.2d 1010 (1989), and *Orduno* has been limited so that it only prohibits an enhanced sentence based on the use of a motor vehicle as a "dangerous instrument" in a DUI case. *State v. Lara*, 171 Ariz. 282, 284-85, 830 P.2d 803, 805-06 (1992). Accordingly, *Campa* does not mandate a conclusion that a violation of double jeopardy occurred here.

### *Portillo* **Instruction**

**¶18** Cooney lastly argues the trial court erred in basing its reasonable doubt instruction to the jury on language from *State v. Portillo*, 182 Ariz. 592, 898 P.2d 970 (1995). Over Cooney's objection, the trial court issued an instruction on reasonable doubt consistent with the one approved by our supreme court in *Portillo*. On appeal, Cooney contends this instruction "violates a defendant's rights to due process of law" because it "more closely define[s] a 'clear and convincing' standard, which is lower than the constitutional standard in criminal cases." Although Cooney articulates a non-trivial argument, our supreme court has considered and rejected such challenges to the *Portillo* instruction, repeatedly affirming its preference that the instruction be given. *See, e.g.*, *State v. Garza*, 216 Ariz. 56, ¶ 45, 163 P.3d 1006, 1016-17 (2007); *State v. Lamar*, 205 Ariz. 431, ¶¶ 48-49, 72 P.3d 831, 840-41 (2003). Arizona's courts are bound by the decisions of our supreme court and we have no "authority to modify or disregard [its] rulings." *State v. Smyers*, 207 Ariz. 314, n.4,

86 P.3d 370, 374 n.4 (2004). Accordingly, the court did not abuse its discretion in giving a *Portillo* instruction.

## Disposition

¶19 For the foregoing reasons, Cooney's convictions and sentences are affirmed.