NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CORY EVERETT LEWIS, *Petitioner*.

No. 1 CA-CR 17-0787 PRPC
FILED 7-3-2018

Petition for Review from the Superior Court in Maricopa County
Nos. CR2007-030289-001 and CR2015-109629-001
The Honorable Danielle J. Viola, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Cory Everett Lewis, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

**C A T T A N I**, Judge:

**¶1**        Cory Everett Lewis petitions for review from the superior court's summary dismissal of his petition for post-conviction relief. For reasons that follow, we grant review but deny relief.

**¶2**        In 2016, Lewis pleaded guilty to sexual abuse, attempt to commit sexual conduct with a minor, and attempt to commit molestation of a child. Lewis also stipulated to two aggravating factors: emotional harm to the victim and a prior felony conviction in the last 10 years. (Lewis acknowledged a 2007 child abuse conviction for which he was sentenced to a 10-year term of probation.)

**¶3**        The superior court sentenced Lewis to the presumptive term of 10 years' imprisonment on the attempted sexual conduct with a minor charge, and to concurrent terms of lifetime probation on the remaining counts, to begin upon discharge from prison. The court also revoked Lewis's probation stemming from the 2007 conviction and sentenced him to one year in prison, to be served consecutively to the sentence imposed in the instant case.

**¶4**        Lewis filed a *pro se* petition for post-conviction relief, claiming ineffective assistance of plea counsel and asserting that his plea was involuntary. The superior court summarily dismissed his petition, and Lewis filed a timely petition for review.

**¶5**        On review, Lewis re-urges the claims raised in his petition for post-conviction relief. He also raises several new issues (claims relating to a preliminary hearing, the lack of a bail hearing, his Rule 32 counsel, and exculpatory evidence), which we do not address because they were not first presented to the superior court. *See* Ariz. R. Crim. P. 32.9(c)(4)(B)(ii) (requiring that a petition for review "must contain . . . a statement of *issues the trial court decided* that the defendant is presenting for appellate review") (emphasis added); *State v. Bortz*, 169 Ariz. 575, 578 (App. 1991); *see also State v. Swoopes*, 216 Ariz. 390, 403, ¶ 41 (App. 2007) (noting that there is no review for fundamental error in a post-conviction relief proceeding).

**¶6**        Summary dismissal of a petition for post-conviction relief is appropriate if the court determines that the petition fails to state a colorable claim for relief, i.e., the petition fails to allege facts that, if true, would probably have changed the outcome of the criminal proceedings. Ariz. R. Crim. P. 32.6(d)(1); *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016). We

review the superior court's ruling on a petition for post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

¶7        Lewis argues that his counsel was ineffective because (1) counsel did not challenge the constitutionality of A.R.S. §§ 13-1404 and 13-1410, and (2) counsel failed to advise him on the wording of the statute—A.R.S. § 13-1405—under which he was indicted. To prevail on a claim of ineffective assistance of counsel, Lewis must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). If a defendant fails to demonstrate either prong of the *Strickland* test, the superior court need not consider the other prong. *State v. Salazar*, 146 Ariz. 540, 541 (1985).

¶8        Lewis argues that his counsel should have challenged the constitutionality of A.R.S. §§ 13-1404 (sexual abuse) and 13-1410 (child molestation), based on the reasoning in a federal district court case decided after Lewis pleaded guilty. *See May v. Ryan*, 245 F. Supp. 3d 1145 (D. Ariz. 2017) (holding that Arizona's child molestation statute violates a defendant's federal due process right). But the Arizona Supreme Court has expressly rejected the constitutional arguments relied on in *May*, *see State v. Holle*, 240 Ariz. 300, 308–09, ¶¶ 38–44 (2016), *cert. denied*, 137 S. Ct. 1446 (2017), and we are bound by the decisions of that court. *See State v. Cooney*, 233 Ariz. 335, 341, ¶ 18 (App. 2013). Thus, Lewis's reliance on *May* is unavailing.

¶9        Lewis also asserts that his counsel should have advised him that to be convicted of sexual conduct with a minor under A.R.S. § 13-1405, the State would have to show that he engaged in "sexual intercourse" (which he argues does not include masturbatory contact) with the victim. But the criminal code defines "sexual intercourse" to include masturbatory contact, *see* A.R.S. § 13-1401(4), and Lewis does not further explain how counsel's explanation would have affected his decision to plead guilty to attempted sexual conduct with a minor. Accordingly, Lewis fails to state a colorable claim of ineffective assistance of counsel.

¶10        Lewis also argues that he was coerced into accepting the plea because he was told that he would not receive a fair trial. But he offers only his own conclusory statements that his plea was involuntary. And those statements are inconsistent with the record developed during the change of plea hearing, during which Lewis affirmed that his plea was voluntary and that he agreed with the factual basis for the charges, as stated by his counsel.

Moreover, at sentencing, when prompted by the court, he re-affirmed that the facts underpinning his guilty plea were accurate.

¶11 Lewis further asserts that he was suffering from debilitating physical and emotional issues that rendered his plea involuntary. But when questioned by the superior court during the plea proceedings, he expressly stated that he understood the proceedings, and he has not established a basis from which to conclude that he was in such physical pain or turmoil that his plea was involuntary. Accordingly, the superior court did not abuse its discretion by summarily rejecting this claim. *See Gutierrez*, 229 Ariz. at 577, ¶ 19.

¶12 Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA