NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

SIDNEY MICHAEL LANDERS, *Appellant*.

No. 1 CA-CR 23-0283

FILED 06-27-2024

---

Appeal from the Superior Court in Maricopa County
No. CR2017-156986-001
The Honorable David J. Palmer, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Vice Chief Judge Randall M. Howe joined.

---

**F U R U Y A**, Judge:

¶1        Sidney Michael Landers appeals from his convictions and sentences for two counts of child abuse under Arizona Revised Statute ("A.R.S.") § 13–3623(B). Landers contends his convictions and sentences constitute double jeopardy. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        Landers was living with his girlfriend, Brianna W., and her three-year-old daughter, M.K. On December 10, 2017, Landers was out with M.K. from morning to evening. After he brought her back home, Brianna noticed M.K.'s cheeks were swollen and her body was bruised. Soon after, M.K. did not feel well and started vomiting. Brianna took M.K. to Phoenix Children's Hospital where she was admitted to the pediatric intensive care unit.

¶3        After an initial examination, an emergency doctor observed M.K. had bruises on her face, head, abdomen, back, right shoulder, and right arm. Upon further imaging, a radiology doctor noticed five of M.K.'s ribs were fractured. Two days after being admitted to the hospital, M.K. died due to infection with necrotizing fasciitis.

¶4        Landers was charged with one count of first-degree felony murder (Count 1) and three counts of child abuse (Counts 2, 3, and 4). A jury found Landers guilty of Count 3 for causing M.K.'s rib fractures and Count 4 for causing trauma to her body. The trial court imposed consecutive sentences of three and a half years and three years respectively. Landers timely appealed, and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 13-4031, and -4033(A).

### DISCUSSION

¶5        We review de novo whether a double jeopardy violation has occurred. *See State v. Cooney*, 233 Ariz. 335, 339 ¶ 11 (App. 2013). Because,

as Landers concedes, he did not raise this argument before the trial court, we review only for fundamental, prejudicial error. *See id.*

## I.     Landers' Convictions Do Not Violate the Double Jeopardy Clause.

**¶6**          Landers was convicted of two counts of child abuse pursuant to A.R.S. § 13-3623(B) and claims this violated the prohibition against double jeopardy because "the charges are identical and have precisely the same elements." We disagree.

**¶7**          "The Double Jeopardy Clause protects against multiple punishments for the same offense." *State v. Jurden*, 239 Ariz. 526, 529 ¶ 10 (2016); *see also* U.S. Const. amend. V; Ariz. Const. art. 2, § 10. As relevant to this case, the protection applies "if multiple violations of the same statute are based on the same conduct," a circumstance described as multiplicity, *id.* at 529 ¶ 11, or sometimes duplicity, *State v. Allen*, 253 Ariz. 306, 336–37 ¶¶ 79–85 (2022). Multiplicitous charges violate the Double Jeopardy Clause because "there can only be one conviction if there is a single offense." *Jurden*, 239 Ariz. at 529 ¶ 11. To resolve a double jeopardy claim based on multiplicity, we "must first determine whether the statutes in question reflect separate offenses or alternative means of committing a single offense." *State v. Kelly*, 116 Ariz. Cases Dig. 14, 16 ¶ 9 (App. Feb. 22, 2024). "Alternative means statutes identify a single crime and provide more than one means of committing the crime." *State v. West*, 238 Ariz. 482, 489 ¶ 19 (App. 2015). Our supreme court has previously determined that "Section 13-3623(A) is an alternative-means statute." *Allen*, 253 Ariz. at 337 ¶ 82. Relying on *Allen*, Landers argues he can only be convicted of a single offense because A.R.S. § 13-3623 is an alternative-means statute. Specifically, he contends the State only alleged the first means from the statute—to suffer physical injury—and the rib fractures in Count 3 and trauma to the body in Count 4 are merely two means by which the requisite physical injury under A.R.S. § 13-3623(F) may be charged. Thus, he maintains "[t]here was one harm to the victim—child abuse."

**¶8**          But Landers' argument conflates two distinct concepts: (1) the various means under a statute by which conduct may qualify as a criminal act under the same statutory definition—the "alternative means"—and (2) the minimum unit of conduct by which a charge may be prosecuted—the "unit of prosecution." Though A.R.S. § 13-3623 is an alternative-means statute, charges will not be multiplicitous when each charge is based upon a separate corresponding criminal act. *See Allen*, 253 Ariz. at 337 ¶ 85. Thus, we further examine the statutory definition of the pertinent crime to determine the "allowable unit of prosecution or, in other words, the scope

of the conduct for which a discrete charge can be brought." *State v. Rodriguez*, 251 Ariz. 90, 94 ¶ 7 (App. 2021) (citation omitted).

**¶9**         A person is guilty of child abuse if he or she

> causes a child . . . to suffer physical injury or, having the care or custody of a child . . . causes or permits the person or health of the child . . . to be injured or . . . causes or permits a child . . . to be placed in a situation where the person or health of the child . . . is endangered.

A.R.S. § 13-3623(B). Under the statute, physical injury "means the impairment of physical condition and includes any skin bruising, pressure sores, bleeding, failure to thrive, malnutrition, dehydration, burns, fracture of any bone, subdural hematoma, soft tissue swelling, injury to any internal organ or any physical condition that imperils health or welfare." A.R.S. § 13-3623(F)(4).

**¶10**         In *Allen*, our supreme court determined that the unit of prosecution under the A.R.S. 13-3623 is based on each act. 253 Ariz. at 337 ¶ 85. Therefore, each separate act that causes at least one qualifying injury constitutes child abuse and may be separately charged. *Id.* This remains true where, as here, the evidence demonstrates the harms inflicted on the victim resulted from separate and distinct mechanisms that indicate different acts caused the separate injuries. *Id.*; *see also Rodriguez*, 251 Ariz. at 95 ¶ 11 (explaining each harm inflicted can be separately charged when multiple harms are serially caused as a result of the course of a single event).

**¶11**         Here, the evidence establishes that M.K.'s rib fractures associated with Count 3 were distinct harms from the other injuries to the rest of her body that form the basis for Count 4. Regarding the rib fractures, a pediatric radiologist testified these were "buckle fractures" that resulted from "compression of the chest." A forensic expert testified those fractures were a result of trauma and M.K. had bruising inside of her body surrounding the rib fractures which were most likely caused by the same force.

**¶12**         As for the other injuries related to Count 4, the treating emergency doctor observed M.K. had bruises on her face, head, abdomen, back, right shoulder, and right arm. At trial, the forensic expert testified the cause of M.K.'s death was "necrotizing fasciitis and sepsis due to multiple blunt force injuries." The expert also testified physical trauma was a "significant factor" on M.K.'s bruises all around her body. A pediatric-infectious-diseases doctor testified that M.K.'s injuries were more like

4

bruises than signs of infection. Thus, the record supports a finding that multiple, discreet mechanisms caused M.K. distinct injuries that implicate different acts.

**¶13**         Moreover, the indictment expressly distinguished between the injuries underlying Counts 3 and 4. And at trial, the jury was instructed on the counts with the same distinguishing information. Further, the State differentiated between each count's underlying physical injuries in its closing argument, explaining that "Count 3 specifically . . . is the rib fractures," and discussed Count 4 as the "injuries" to M.K.'s shoulder, back, and arms.

**¶14**         Therefore, Landers' convictions do not violate the Double Jeopardy Clause because they are predicated upon two distinct offenses, stemming from separate physical injuries, caused by separate criminal acts.

## II.     Landers' Consecutive Sentences Do Not Constitute Double Punishment.

**¶15**         Landers also argues A.R.S. § 13-116 prohibits his consecutive sentences because Counts 3 and 4 are multiple offenses that constitute a single act. Section 13-116 prohibits consecutive sentences for multiple counts punishable under the different sections of the law. A.R.S. § 13-116. Here, the statute is inapplicable because, as explained above, Landers committed multiple violations of the same statute. *See State v. McPherson*, 228 Ariz. 557, 562 ¶ 12 (App. 2012) (finding § 13-116 inapplicable where defendant committed multiple violations of the same law); *State v. Henley*, 141 Ariz. 465, 467 (1984) ("Because both counts are punishable under the same sections of the law, consecutive sentences would not have constituted double punishment in violation of our double punishment statute, A.R.S. § 13–116."). Thus, the court did not err in imposing consecutive sentences.

**CONCLUSION**

**¶16**         We affirm.

